Caruthers, J.,
delivered the opinion of the Conrt.
Street & Co. commenced suit by warrant before ai *610 a justice of the peace against Ware, on an account of $191.00 for merchandise. The only controversy, was upon a payment of $100 upon the 12th of July, 1858. This is not disputed, but it is insisted it should not have been allowed, because the payment was made in notes upon the Citizens’ Bank, which suspended on the next day, and the notes became worthless.
The proof is not sufficient to fix upon Ware any ■knowledge that the bank was broke, or that it had ■suspended, or was about to suspend. He lived forty miles from Memphis, and it is not probable he knew .as much about the condition of the' banks as the plaintiffs, who were merchants in that city. The facts relied upon to fasten knowledge upon him, are not at all sufficient for that purpose; and sq the question of fraud is ■out of the case.
• The proof shows that the bank did business on that May to the close, and did not suspend until the next day. It seems by the evidence of the clerk, that it was ■resolved upon that evening, but not made known. The .payment in question was made by the agent, and son-in-law of the defendant, late in the evening of the 12th, and a receipt taken. The plaintiffs made demand at the hank, in Memphis, next day, and notified the defendant that the. payment should not stand, and the credit was • cancelled upon the books. The notes were tendered in a few days to the defendant, and he refused to receive .them, but insisted upon the credit.
The loss must fall on one of two innocent men, and the law must control it. At the time the payment was made the notes were circulating as currency, and considered . good by the community. But they were in fact *611 of no value at tile hour they were paid out, although a few hours before, they were convertible into specie.
A payment in genuine bank notes, supposed by both parties to he good, though in fact worthless, will be binding, and the loss must fall upon the receiver, in the absence of fraud. It is otherwise if the notes be not genuine — not what they purport to be. So, a payment in forged or counterfeit paper would be void, and have no effect as a credit or payment for property or pre-existing debts.
But it is contended that by the same case, a payment good under the above rule, may be avoided by presenting them to the bank where they are payable, and a refusal to pay, with notice to the person from whom they were received. But even if that were the law, the Court erred in relation to the proper. place for the demand. The notes were payable at the .Branch of the Citizens’ Bank at Knoxville; but they .were presented at the principal bank at Memphis. ' The charge made this sufficient, and that was fatal to the defendant by avoiding the payment. To this the defendant excepts, as error. We have heretofore held in a recent unreported case, that where a demand for any purpose is necessary, it must be made at the place where the notes, upon their face are made payable. So there was no legal demand here, and the payment was binding upon the parties on the principle first stated.
This is decisive of the case, and other objections might not be noticed. But another error exists in the charge, equally fatal to the case, and is one of practical importance, and, perhaps, ought now to be decided as it fairly arises. That is as to the effect of a pay *612 ment made in bank notes under tbe circumstances stated. His Honor, in bis charge, adopted the obiter dictum of the Court, in the case of Suggs v. Gass, 8 Yer., 175, and placed a payment in bank notes on the same ground as ordinary promissory notes or bills, so that recourse could be had upon them, or the payment avoided, in case of presentation and refusal to pay, &c.
We think such is not the law; but that a payment without fraud, in bank notes circulating and received as money, cannot be avoided by demand, refusal, and notice or tender to the payor. It would be most unreasonable and inconvenient to hold otherwise.
The supposed commercial interest of our country, and the general convenience of the people, have produced a course of legislation by which the bank paper has become the circulating medium and the standard of value, instead of specie. True, it has not been made a lawful tender, and cannot be without a change of the Constitution.
But by almost universal consent, it has become the medium of exchange and the representative of property. It has taken the place of the precious metals, and is regarded as money. This, however, is by consent, and not by law. No man is bound to receive it in payment of debts, or for property.. But if it gets into his hands by consent, and a loss comes by the failure of the bank the misfortune must and should be his in whose hands it happens to be at the time. The risk must follow the paper, and not the former owners. It passes from hand to hand without recourse, except in cases of fraud or concealment, as before explained. Upon no other ground can the payment be avoided..
*613 The judgment must be reversed, and a new trial awarded, when the law' will be charged as laid down in this opinion.